124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto CHAVEZ, Defendant-Appellant.
 No. 97-50010.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Filed September 15, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CR-96-00876-RMB; Rudi M. Brewster, District Judge, Presiding.
 Before HALL, BRUNETTI and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roberto Chavez appeals the 33-month sentence imposed upon his guilty plea conviction for importing marijuana in violation of 21 U.S.C. §§ 952, 960. We affirm.
 
 
 3
 Chavez first contends that the district court erred by granting him a two-level minor role reduction under U.S.S.G. § 3B1.2(b) rather than a four-level reduction under U.S.S.G. § 3B1.2(a) for being a minimal participant. This contention lacks merit. A district court's finding that a defendant does not qualify for minimal participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." Id.
 
 
 4
 "Moreover, this court has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." Id. "Just because a defendant may be less culpable than other participants in an offense, he is not necessarily entitled to a minimal or minor role adjustment under section 3B1.2." Id. at 1435. A defendant who acts as a drug courier may be entitled to a minimal role adjustment but such an adjustment is not required. See id. at 1436-37.
 
 
 5
 The district court did not err by refusing to give Chavez a minimal role adjustment. The relevant sentencing guidelines give the district court discretion whether to grant the adjustment, such adjustment is not mandatory. See U.S.S.G. § 3B1.2, Application Note 2. Here, Chavez did not establish by a preponderance of the evidence that he was merely "recruited as a courier for single smuggling transaction involving a small amount of drugs." See id. Moreover, Chavez admitted bringing nearly 56 pounds of marijuana over the border. "[W]e have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction." United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). Under these circumstances, the district court did not clearly err in granting Chavez a two-level rather than a four-level downward adjustment for his role in the offense. See id.[1]
 
 
 6
 Chavez also contends the district court erred by computing his criminal history category at Category VI because it included a more than 15 year old conviction for auto theft. We reject this contention because the district court properly counted prior convictions more than fifteen years old since "the defendant's incarceration extended into the fifteen-year period." U.S.S.G. § 4A1.1, note 1.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Chavez argues the district court's sentence was erroneous because the district court categorically refuses to consider minimal role reductions for drug couriers, we may affirm based on our conclusion that any error by the district court did not affect the sentence imposed. Here, as noted above, the record as a whole supports the sentence imposed and indicates the district court would have imposed the same sentence absent any erroneous factor. See Williams v. United States, 503 U.S. 193, 203-04 (1992)